IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01306-WDM-MEH

WILLARD CLAYTON SMITH,

    Plaintiff,

v.

CHRIS JOHNSON, Sheriff, Otero County,

    Defendant.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference to Magistrate Judge, filed January 30, 2006 (Docket #41), this matter has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b) for purposes of making recommendation on matters dispositive to this case. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, which argues that the Plaintiff's claims are moot and must be dismissed. Plaintiff has been allowed ample opportunity to respond to the motion, but has not done so. Oral argument would not materially assist the Court in adjudicating this matter. Based upon the pleadings on file herein, it is **recommended** that the Defendant's motion be **granted**.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

Plaintiff proceeds in this action under an Amended Complaint filed *pro se* on December 23, 2005 (Docket #36). In the Amended Complaint, the Plaintiff alleges that his constitutional rights were violated while he was incarcerated as a pretrial detainee at the Otero County Jail. Plaintiff is one of three prisoners who initiated this action in July 2005. Following the initial review procedure required under 28 U.S.C. § 1915A, he is the only remaining Plaintiff (Docket #33). In this action, Plaintiff specifically claims that living conditions at the jail were unsanitary, that the jail is overcrowded, and that he was denied the use of a law library. As relief, he requests that the Sheriff's Department install a law library and a basic library for inmate use. He also requests that a recreation area be constructed, and that the showers and sink/toilets in the jail be replaced immediately. Plaintiff asserts that there is no grievance procedure at the Otero County Jail under which he can exhaust administrative remedies before filing a lawsuit.

On March 6, 2006, the Defendant filed a motion which asks that the Court dismiss the Plaintiff's lawsuit (Docket #58). In the motion, the Defendant argues that because the Plaintiff is no longer an inmate at the Otero County Jail and will not be returned there in the foreseeable future, his claims are moot as a matter of law based on the fact that the relief he seeks amounts to injunctive relief. The Plaintiff did not respond to the motion within the time allowed by D.C.COLO.LCivR 7.1

(C), or request an extension of time in which to do so. Therefore, an Order to Show Cause was issued on April 19, 2006, and the Plaintiff was directed to file his response to the Defendant's Motion to Dismiss Plaintiff's Complaint or otherwise demonstrate why the motion should not be granted on or before April 26, 2006 (Docket #63). The Plaintiff has not done so, nor has he requested an extension of time to do so. The record reflects that as of April 5, 2006, the Plaintiff's current address is the Denver Reception Diagnostic Center, Denver, Colorado (Docket #61).

## II.     Discussion

### A.     Standard of Review

Defendant presents his motion under the provisions of Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

"Motions to dismiss pursuant to Rule 12(b)(1) may take two forms." *Amoco Production Co. v. Aspen Group*, 8 F. Supp.2d 1249, 1251 (D. Colo. 1998). First, a party may attack the facial sufficiency of a complaint and the court must accept the allegations of the complaint as true. *Id*. Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents, and the court "has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "A 12(b)(1) motion . . . can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) The Defendant's Motion to

Dismiss challenges the factual assertions underlying Plaintiff's Amended Complaint and is not a facial attack on the Amended Complaint.

A factual attack, based on the facts upon which subject matter jurisdiction depends, remains a motion to dismiss under Rule 12(b)(1) as long as resolution of the jurisdictional question is not intertwined with the merits of the case. *See Holt*, 46 F.3d at 1003. Generally, the merits of the case and the jurisdictional issue are intertwined "if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id*. In this case, the issue of subject matter jurisdiction raised by the Defendant is not intertwined with the merits. Plaintiff has alleged that his civil rights were violated under 42 U.S.C. § 1983, and the Court does not have to decide or even review those allegations to address the arguments made by the Defendant regarding jurisdiction. Therefore, the Defendant's motion is properly decided under Fed.R.Civ.P. 12(b)(1).

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). This Court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

  **B.**  **Plaintiff's Claims**

"Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot – i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds as stated in Walker v. UPS Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). A claim will be "deemed moot unless a proper

4

judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted).

Plaintiff's claims against the Defendant uniformly pertain to alleged violations of his constitutional rights at the Otero County Jail, where the Plaintiff is no longer incarcerated. An award of injunctive relief to remedy alleged inadequate conditions and constitutional violations at the Otero County Jail would have no effect on the Plaintiff where he is currently incarcerated. Plaintiff has not alleged facts indicating that he will be transferred back to the Otero County Jail at some date in the future. *Id*. at 1217 (the hypothetical possibility that an inmate may be returned to the same prison cannot "save an otherwise moot claim for prospective injunctive relief relating to prison conditions"). Further, the Plaintiff has provided no direct facts or facts from which it can be inferred to refute those provided by the Defendant which indicate that there is "no reasonable likelihood [for the Plaintiff] to ever be incarcerated in the Otero County Jail at any time in the future" (Docket #58-2).

A party cannot maintain an action for declaratory or injunctive relief unless a substantial likelihood of being injured in the future is demonstrated. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Plaintiff is no longer housed at the Otero County Jail and will not be in the future. Under these circumstances, an award of injunctive relief in this regard would have no effect on the Defendant's behavior towards him. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that a prisoner's transfer moots his request for injunctive relief in the facility from which he was transferred); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985) (prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that a prisoner's transfer to a different jail moots his claim for declaratory and injunctive relief even when prisoner argues that "there is no assurance that he will not be returned to the [first] jail"); *cf*.

5

*White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding that inmate plaintiff's claims for injunctive relief regarding conditions of confinement were mooted by his release on parole). Further, there are no facts in the record to suggest that Plaintiff's transfer was made for the purpose of evading the jurisdiction of this Court. *See McKinnon*, 745 F.2d at 1363.

## III. Conclusion

This Court lacks jurisdiction over Plaintiff's claims in this lawsuit because the relief he seeks is moot. Accordingly, it is hereby **recommended** that the Defendant's Motion to Dismiss Plaintiff's Complaint [Filed March 6, 2006; Docket #58] be **granted** and this matter be dismissed without prejudice.[1]

Dated at Denver, Colorado, this 5th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (finding that a dismissal for lack of jurisdiction does not address the merits of a claim, and is therefore without prejudice).